## FRECKA v. McGUIRE et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1387. Decided March 23, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**505a. FALSE IMPRISONMENT.**

Where it is made to appear to defendant police officers that a felony has been committed, and they have reasonable grounds to believe that it was committed by plaintiff, his detention without a warrant, for reasonable time, is justified.

Error to Common Pleas.

Judgment affirmed.

Carl M. Myers and Wm. A. Schlueter, Akron, for Frecka.

A. B. Underwood, Dir. of Law, Alexander S. Greenbaum, Naef & McIntosh, and Sieber, Sieber & Amer, Akron, for McGuire, et.

**FULL TEXT.**

PER CURIAM.

This was an action brought in the Court of Common Pleas by the plaintiff against the defendants, who are police officers and their bondsmen, to recover damages for false imprisonment. At the conclusion of plaintiff's evidence, the court granted a motion to direct a verdict in favor of the defendants.

The record discloses that early one evening a child was run over by an automobile and killed, and that the party driving said automobile was guilty of a felony. Someone telephoned to the defendant police officers giving the number of the automobile which ran over and killed the boy. Soon after the plaintiff voluntarily appeared before one of the defendant police officers in the police station and reported that he was the man who it was claimed ran over the boy, and upon inquiry he gave the number of his machine, which was the same number that had been telephoned to said defendant policemen; and very soon thereafter, there came into the room a colored man, who stated to the defendants, in the presence of the plaintiff, that he saw the plaintiff's machine run over the boy and that he followed the machine to the plaintiff's home and there charged the plaintiff with having run over the boy.

The plaintiff denied the accusation and telephoned to his attorney, who came to the police station and who, after hearing these accusations against the plaintiff, and the latter's denial, said to the defendant officers that under all the circumstances "there ain't anything you can do but hold him and take him before the court." It was then after 10 o'clock in the evening and too late to obtain and serve a warrant, and the defendants locked up the plaintiff and kept him in jail until the next day, when he was released from jail; and then, owing to further developments indicating that someone else was to blame for the accident, plaintiff was not further prosecuted.

The defendant officers, as the attorney for plaintiff at the time admitted, was clearly justified in detaining plaintiff for such time as was reasonably necessary to file charges and obtain process justifying his further detention. Before the elapse of such reasonable time the defendants discovered facts which presumably exonerated plaintiff and he was thereupon released.

We are of the opinion that the defendants had reasonable and probable grounds for believing the plaintiff to be guilty of a felony, and that such grounds constituted a defense to the action of false imprisonment brought by the plaintiff, and that concerning the existence of such reasonable and probable grounds, reasonable minds could not differ; indeed, the facts establishing such probable cause were introduced by the plaintiff and are undisputed, and therefore the trial court was right in directing a verdict for the defendants.

It should be borne in mind that the defendants did not in the first instance make any charges against the plaintiff and did not arrest him and bring him to the police station, and that therefore the plaintiff cannot complain because a warrant was not issued and served upon him before he was locked up.

It being made to appear to the defendant officers that a felony had been committed and that there was reasonable grounds to suspect that it had been committed by the plaintiff, his detention without a warrant was justified; while it was the duty of the defendants to take the plaintiff, without unreasonable delay, before a magistrate and upon proper accusation against him obtain the necessary magisterial sanction for plaintiff's further detention, the defendants had a reasonable time in which to do that; and considering the time of night and all the circumstances, they did not detain plaintiff for a longer time than was reasonably necessary to enable an affidavit to be filed and a warrant to be procured, and hence the reasonable grounds for the arrest were a complete justification for the detention which actually occurred.

A person may be arrested without a warrant and lawfully held in custody for a reasonable time, but if held for longer than a reasonable time and no warrant is obtained, the arrest would be wrongful from the beginning.

Leger v. Warren, 62 OS. 500.

But such was not the case here. The plaintiff was not detained for more than a reasonable time and there was ample justification for such detention as there was.

(Washburn, PJ., Funk, J., and Pardee, J., concur.)